UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80965-CIV-MARRA/JOHNSON

THELMA OSTER

    Plaintiff,

v.

ADVANCED STORES CO., INC., et al

    Defendant.
_____/

## ORDER AND OPINION REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court upon Plaintiff's Emergency Motion to Remand (DE 10), filed July 7, 2009. Plaintiff argues that the Court must remand this case to the state court because the Defendants have not unanimously consented to Maremont's Notice of Removal (DE 1). The Court held a hearing on the motion on July 22, 2009. The Court has reviewed the Motion, the responses, and the record, and is otherwise duly advised in the premises.

Plaintiff's claim that Defendants have not unanimously consented to removal is based upon the assertions of Defendants Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. ("Fel-Pro") and Federal Mogul Asbestos Personal Injury Trust, as successor to the former Vellumoid Division of Federal-Mogul ("Vellumoid") that the consents filed on their behalf were mistakenly submitted.

According to the facts asserted by Defendants Fel-Pro and Vellumoid (DE 38), to which all parties agreed are true:

1

> Defendants Fel-Pro and Vellumoid are represented by Attorneys Lane Young and Ernest Wetzler.  Mr. Lane Young ("Mr. Young") is the supervising attorney and partner on file for Defendants Fel-Pro and Vellumoid in all litigation involving Defendants.  Mr. Ernest Wetzler ("Mr. Wetzler") is the attorney that handles the day-to-day activities on behalf of Defendants Fel-Pro and Vellumoid in this action.  Prior to the filing of Defendants Fel-Pro and Vellumoid's respective Consent to Removal of Civil Action, Mr. Young indicated that Defendants Fel-Pro and Vellumoid did not consent to removal.  Through a lapse in communication, however, Mr. Wetzler mistakenly believed that Defendants Fel-Pro and Vellumoid consented to removal.  Based on the mistaken belief that Mr. Young authorized the consent to removal, Mr. Wetzler filed Defendants' Consent to Removal of Civil Action.

DE 38 at ¶ 4.

Removal is proper only if all of the defendants consent.  See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008).  In a recent case before the Eleventh Circuit, the plaintiff challenged the removal as improper because the notice of removal did not show that all of the defendants consented.  See Cook v. Randolph County, GA, 2009 WL 1929158, *7 (11th Cir. 2009).  The Eleventh Circuit held that the notice was proper in that case because the attorney representing all of the defendants signed the notice.  The Court further held that requiring the additional formality of each defendant individually signing the notice would impose a "pointless burden." Id. at 6.  However, the Court indicated that in circumstances where the court faces a contention that some defendants did not want the case removed, it would be appropriate to look at the evidence beyond the representation of the attorney that the clients consented: "No one contends that any of the defendants did not want the case removed.  Absent some basis for believing that, the representation of the attorney for the defendants that all of her clients consented to the removal is enough." Id.

Esposito v. Home Depot, U.S.A., Inc., 436 F.Supp.2d 343 (D.R.I. 2006), upon which

Defendants rely, is distinguishable from the instant case. In Esposito, the court determined that an answer filed within the 30-day removal period by a defendant, who was represented by the same attorney as the two other defendants who filed consents to removal, was sufficient to indicate that the third defendant also consented to removal. Unlike the circumstances of the instant case, there was no contention in Esposito by a defendant that it did not consent to removal of the action, or that the attorney's representation that there was consent was erroneous.

Pursuant to Cook, the Court finds that the undisputed facts of the instant case require the Court to examine the circumstances at the time of the removal to determine whether those facts are sufficient to void consent ab initio.[1] A district court may consider, when necessary, post-removal evidence in assessing removal jurisdiction, as long as the court judges the jurisdictional facts only as to the period of time of the removal. Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000), citing Allen v. R&H Oil Co., 63 F.3d 1326 (5th Cir. 1995). Based on the uncontroverted facts as presented in Defendants Fel-Pro and Vellumoid's response, see supra, the Court finds that there was not unanimous consent at the time of filing of the notice of removal. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Emergency Motion to Remand (DE 10) is **GRANTED**;

2. This case shall be **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

3. The Clerk of this Court is hereby directed to forward a certified copy of this Order to

---

[1] The Court disagrees with Defendants' contention at the hearing that only consent obtained by fraud or its equivalent is sufficient to void consent. Defendants presented no authority to support the drawing of an arbitrary line between fraud and mistake in this analysis.

the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

4.  All pending motions are hereby **DENIED**, without prejudice, as moot; and

5.  **This case is CLOSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of July, 2009.

                                                  _____
                                                  KENNETH A. MARRA
                                                  United States District Judge

copies to:  All counsel of record